ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| GLENDA ENID RIVERA ROSADO, <br><br> Peticionaria, <br><br> v. <br><br> LUIS MIGUEL SÁNCHEZ SANTOS, <br><br> Recurrida. | TA2025CE00284 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Región Judicial de Bayamón, Sala de Relaciones de Familia y Asuntos de Menores. <br><br> Civil núm.: BY2021RF01571. <br><br> Sobre: divorcio. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de septiembre de 2025.

El 13 de agosto de 2025, la señora Wanda E. Rivera Rosado (señora Rivera) presentó este recurso discrecional de *certiorari*. En él, solicitó que este Tribunal expida el auto y revoque la *Resolución* del Tribunal de Primera Instancia, Sala de Relaciones de Familia y Asuntos de Menores de Bayamón, la cual fuera dictada y notificada el 14 de julio de 2025. En su determinación, el foro primario declaró sin lugar la solicitud de desestimación presentada por la señora Rivera el 21 de mayo de 2025.

Examinado el recurso, y aun sin la comparecencia de la parte recurrida[1], este Tribunal deniega la expedición del auto.

I

Las partes litigantes del título se divorciaron por la causal de ruptura irreparable el 10 de noviembre de 2021. Durante su matrimonio, procrearon dos hijos: Josué Miguel (nacido el 21 de octubre de 1995) y **Gabriel Elías** (nacido el 20 de noviembre de 2003), ambos apellidados Sánchez Rivera.

---

[1] Mediante nuestra *Resolución* dictada el 20 de agosto de 2025, notificada el 25 de agosto, concedimos a la parte recurrida un término de 10 días para que mostrara causa. El término para oponerse a la expedición del auto venció el 4 de septiembre de 2025, sin que la parte recurrida compareciera.

La pensión alimentaria fue fijada mediante la *Resolución* dictada el 1 de noviembre de 2021. El tribunal dispuso que el padre no custodio, señor Luis M. Sánchez Santos (señor Sánchez), pagaría una pensión alimentaria de $1,662.15 mensuales, a favor de Gabriel Elías, quien aún era menor de edad. En cuanto a los gastos médicos y escolares, y los restantes gastos, el tribunal dispuso para que se sufragaran por partes iguales entre ambos padres.

Tiempo más tarde, allá para el **23 de agosto de 2024**, el señor Sánchez presentó una moción en la que informó que Gabriel Elías (ya cerca de cumplir 21 años) había comenzado a residir junto a él desde el **9 de agosto de 2024**. Además, que había sido admitido a la Universidad Politécnica de PR para estudiar ingeniería en computadoras. Adujo que la beca que le había sido aprobada no había sido desembolsada, por lo que también solicitó el reembolso de la matrícula del 1er trimestre, que ascendía a $3,800.00.

Por tanto, el señor Sánchez solicitó el relevo del pago de la pensión alimentaria a favor de Gabriel, el reembolso de los gastos de matrícula y una suma por concepto de gastos de vivienda, entre otros.

El **20 de noviembre de 2024**, Gabriel Elías cumplió 21 años.

Conforme le fuera ordenado por el tribunal, la Examinadora de Pensiones Alimentarias (EPA) celebró una vista para fijar la pensión **alimentaria provisional** el **25 de noviembre de 2024**. En su informe, la EPA concluyó, entre otros y en lo pertinente, que procedía el pago por parte de la señora Rivera de la cantidad de $1,075.20 mensuales, a favor de Gabriel Elías; pagadera cada quincena y mediante transferencia de ATH a la cuenta del señor Sánchez; ello, computado a partir del **23 de agosto de 2024** (fecha de la presentación del reclamo) y hasta **el 19 de noviembre de 2024** (pues el 20 de noviembre, Gabriel advendría a la mayoridad).

La EPA dejó pautada una vista final para la adjudicación de la pensión final para el 12 de febrero de 2025. No surge del apéndice o de las alegaciones que esa vista se hubiera celebrado.

El **6 de diciembre de 2024**, el foro primario acogió el informe de la EPA. Apercibió a las partes de que la pensión alimentaria provisional ($1,075.20 mensuales) se mantendría hasta que otra cosa dispusiera el tribunal y les apercibió de las consecuencias del incumplimiento; entre ellas, el desacato.

El **14 de enero de 2025**, el tribunal aclaró que el pago de la pensión alimentaria recomendada por la EPA debía ser computado desde el **23 de agosto de 2024**, hasta el día mismo del cumpleaños del menor, **el 20 de noviembre de 2024**.

El **10 de febrero de 2025**, Gabriel Elías compareció por derecho propio, mediante una moción debidamente juramentada. Entre otras cosas, adujo que necesitaba la pensión para su mantenimiento y para sus estudios. Declaró que trabajaba como cajero, a tiempo parcial o 24 horas semanales.

Luego de varios trámites, el **20 de mayo de 2025**, el señor Sánchez solicitó al tribunal que le impusiera el desacato a la señora Rivera, pues esta no había realizado un solo pago de la pensión alimentaria provisional.

El **21 de mayo de 2025**, la señora Rivera solicitó la **desestimación de la reclamación**. Adujo que el señor Sánchez carecía de legitimación activa, pues era el ahora mayor de edad, Gabriel Elías, quien la ostentaba. Además, informó que su hijo había abandonado sus estudios universitarios.

Según le fuera ordenado por el tribunal, la señora Rivera presentó su oposición a la moción de desacato el 18 de julio de 2025. Reiteró que el señor Sánchez carecía de legitimación activa para solicitar el desacato y que ello le correspondía a Gabriel Elías.

El **14 de julio de 2025**, notificada en esa fecha, el foro primario declaró **sin lugar**, de manera escueta, la solicitud de desestimación presentada por la señora Rivera.

De otra parte, el **21 de julio de 2025**, el tribunal dictó y notificó una resolución mediante la cual declaró **sin lugar la solicitud de imposición de desacato** presentada por el señor Sánchez.

Inconforme, el **13 de agosto de 2025**, la señora Rivera instó este recurso, en el que señala la comisión de dos errores, que realmente se limitan a uno; a decir, que el señor Sánchez carece de legitimación activa, por lo que el foro primario erró al denegar su solicitud de desestimación.

II

Evaluados el recurso de *certiorari* y los documentos que obran en su apéndice, este Tribunal concluye que la señora Rivera no pudo establecer que el foro primario hubiera incurrido en error alguno. Tampoco surge del expediente que el tribunal recurrido haya abusado de la discreción que le asiste, de forma tal que se haga meritorio eludir la norma de abstención judicial que regula el ejercicio de nuestras funciones.

Así pues, en virtud de lo dispuesto en la Regla 40 del Reglamento de este Tribunal de Apelaciones, según enmendado, *In re aprobación de Enmiendas al Reglamento del Tribunal de Apelaciones*, Resolución ER-01, 2025 TSPR 42, 215 DPR ___ (2025), **denegamos la expedición del auto de *certiorari***.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones